UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                     Case No. 2:05-cr-59-FTM-29DNF

JOEL GOUIN

_____

## OPINION AND ORDER

This matter is before the Court on defendant's *pro se* Supplemental to Movant's Title 18 U.S.C. § 3582(c)(2) Motion, § 1B1.11(A), Title 18 U.S.C. § 3553(A), 1-7 Factors, and Criminal Procedure Rule 43 (Doc. #153)[1] filed on July 2, 2008.  Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances.  Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons,

_____

[1]While the caption of the motion suggests there was a prior motion filed, no such motion is contained in the court file. Therefore, the Court will treat the Supplement as defendant's motion.

> or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).   The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[2]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's

---

[2]United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Defendant Gouin satisfies all of these eligibility requirements and a reduction in the term of imprisonment would be consistent with the Sentencing Guidelines policy statement.

While defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2). First, the court must recalculate the sentence under the amended guidelines. The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1). In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The Court uses that new base level to determine what ultimate sentence it would have imposed. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the court will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. Bravo, 203

F.3d at 781.   In making this decision, the court considers the factors listed in § 3553(a) to the extent consistent with the Sentencing Guidelines policy statement.   Bravo, 203 F.3d at 781; Vautier, 144 F.3d at 760.   The Court must also consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment, U.S.S.G. § 1B1.10 cmt. n.1(b)(ii), and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment, Application Note 1(b)(iii).   While the two steps are required, the court is not required to reduce defendant's sentence because that determination is discretionary.   Vautier, 144 F.3d at 760; United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997); United States v. Vazquez, 53 F.3d 1216, 122728 (11th Cir. 1995).

## II.

At the original sentence, the Court determined that defendant's Base Offense Level was 30, his Total Offense Level was 27, his Criminal History Category was VI, and the Sentencing Guidelines range was 130 to 162 months imprisonment.   Defendant was sentenced to 146 months imprisonment.   The application of Amendment 706 results in a Base Offense Level of 28, a Total Offense Level of 25, a Criminal History Category of VI, and a Sentencing Guidelines range of 110 to 127 months imprisonment.   The Probation Office reports that defendant has not had any disciplinary actions, has

attended educational programs, and has paid his special assessment. Therefore, in the exercise of its discretion, the Court will apply the Amendment 706 reduction to defendant, and will impose a sentence at the approximate mid-point of the newly calculated Sentencing Guidelines range.

Defendant also asserts that the Court should take this opportunity to further reduce the sentence pursuant to United States v. Booker, 543 U.S. 220 (2005) and Kimbrough v. United States, 128 S. Ct. 558 (2007).  The Court declines to do so. Proceedings under § 3582(c) and § 1B1.10 "do not constitute a full resentencing of the defendant," U.S.S.G. § 1B1.10(a)(3), or a *de novo* resentencing.  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005), cert. denied, 547 U.S. 1050 (2006); Bravo, 203 F.3d at 781; Cothran, 106 F.3d at 1562.  The Court does not re-examine the other sentencing determinations made at the original sentencing.  Cothran, 106 F.3d at 1562-63; Bravo, 203 F.3d at 781. Additionally, the Eleventh Circuit has already stated that "Booker is inapplicable to § 3582(c)(2) motions."  Moreno, 421 F.3d at 1220; United States v. Alebord, 256 Fed. Appx. 255 (11th Cir. 2007).

Additionally, because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though

none may be identified by defendant, <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11th Cir. 1990), <u>cert. denied</u>, 499 U.S. 979 (1991).  The Court has no inherent power to reduce a sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. <u>United States v. Diaz-Clark</u>, 292 F.3d 1310, 1315 (11th Cir. 2002), <u>cert. denied</u>, 539 U.S. 951 (2003).  The Court finds no other basis for jurisdiction to modify or vacate the sentence.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   Defendant Supplemental to Movant's Title 18 U.S.C. § 3582(c)(2) Motion, § 1B1.11(A), Title 18 U.S.C. § 3553(A), 1-7 Factors, and Criminal Procedure Rule 43 (Doc. #153) is **GRANTED** as set forth below.

2.   The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 126 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed.  This order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.".

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of July, 2008.

JOHN E. STEELE
United States District Judge

Copies:
AUSA Barclift
Joel Gouin
U.S. Probation
U.S. Marshal