UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOEL GOUIN,

        Petitioner,

vs.                               Case No. 2:07-cv-713-FtM-29DNF
                                      Case No. 2:05-cr-59-FtM-29DNF

UNITED STATES OF AMERICA,

        Respondent.
_____

**OPINION AND ORDER**

     This matter comes before the Court on petitioner Joel Gouin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #151)[1] and Memorandum (Cv. Doc. #2; Cr. Doc. #152) both filed on November 1, 2007. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on November 28, 2007 (Cv. Doc. #7). Petitioner thereafter filed a Reply (Cv. Doc. #10) on December 14, 2007, and a Supplemental Motion (Cv. Doc. #11) on July 23, 2008. For the reasons set forth below, the Motion is denied and Supplemental Motion is dismissed.

---

[1] The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

**I.**

Pursuant to petitioner's written waiver (Cr. Doc. #41), on September 27, 2005, the United States Attorney's Office in Fort Myers, Florida filed a one-count amended Information (Cr. Doc. #40) charging petitioner Joel Gouin (petitioner or Gouin) with possession with intent to distribute five grams or more of cocaine base, otherwise known as crack cocaine. Petitioner pled guilty pursuant to a written Plea Agreement (Cr. Doc. #43). On January 9, 2006, petitioner was sentenced to 146 months imprisonment, followed by 48 months of supervised release. (Cr. Doc. #53.)

Petitioner filed a Notice of Appeal (Cr. Doc. #60) on January 19, 2006. Trial counsel was granted permission to withdraw on February 8, 2006 (Cr. Doc. #74), and new counsel was appointed for appeal (Cr. Docs. #76, 82). On September 27, 2006, the Eleventh Circuit Court of Appeals granted new counsel's motion to withdraw, affirmed petitioner's convictions and sentences after review of a brief submitted pursuant to Anders v. California, 386 U.S. 738 (1967), and after independent review established no arguable issues of merit. (Cr. Doc. #148.) No petition for writ of *certiorari* was filed.

**II.**

Petitioner argues that his counsel was constitutionally ineffective at sentencing by failing to investigate and object to use of petitioner's prior diversions from the state juvenile court

in calculating his criminal history under the Sentencing Guidelines because he was never adjudicated guilty in those matters, and therefore they should not have been scored under U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(f) and § 4A1.2(a)(1) (2005). Petitioner further asserts that under Florida law, specifically FLA. STAT. § 985.228(b), even adjudications are not treated as convictions. Therefore, petitioner asserts that he should have zero criminal history points, and that his Sentencing Guideline range should have been 70-87 months (prior to consideration of the recent crack cocaine Amendment 706). Since counsel did not raise these objections, petitioner argues that counsel must be found constitutionally ineffective. (Cv. Doc. #1, p. 4; #2, pp. 6-8.)

In his Reply, petitioner asserts for the first time that his state court juvenile dispositions were pursuant to guilty pleas which were unconstitutional because they were not made voluntarily, knowingly or intelligently. The unconstitutionality of the guilty pleas, petitioner asserts, arises because (1) his attorney in juvenile court informed him that the pleas would be sealed based on his juvenile status, and (2) the state juvenile court did not inform him that his guilty plea to the crimes would subject him to deportation, in violation of the Florida guilty plea colloquy requirements. Therefore, petitioner argues that including these "convictions" in the calculation of his criminal history was improper and his attorney was constitutionally ineffective in

failing to so argue during the sentencing hearing. (Cv. Doc. #10, pp. 1-3.)

**A.**

The legal principles regarding claims of ineffective assistance of counsel are well settled. Issues of ineffective assistance of counsel can be raised in a § 2255 proceeding even where petitioner could have raised the issues on direct appeal but failed to do so. Massaro v. United States, 538 U.S. 500 (2003). The Supreme Court established a two-part test for determining whether a convicted person is entitled to habeas relief on the ground that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is "highly deferential." Id. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. An attorney is not ineffective for

failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992).

The same deficient performance and prejudice standards apply to appellate counsel. Smith v. Robbins, 528 U.S. 259, 285-86 (2000); Roe v. Flores-Ortega, 528 U.S. at 476-77. If the Court finds there has been deficient performance, it must examine the merits of the claim omitted on appeal. If the omitted claim would have had a reasonable probability of success on appeal, then the deficient performance resulted in prejudice. Joiner v. United States, 103 F.3d 961, 963 (11th Cir. 1997). Nonmeritorious claims which are not raised on direct appeal do not constitute ineffective assistance of counsel. Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1144-45 (11th Cir. 2005).

**B.**

The calculation of petitioner's criminal history is set forth in the Presentence Report at paragraphs 26 through 37 and reflects that petitioner was assessed criminal history points for the following eight juvenile adjudications:

(1) On January 5, 2001, petitioner was arrested for Grand Theft of a Motor Vehicle occurring on December 11, 2000. Petitioner was adjudicated delinquent on December 28, 2001, and committed to the Department of Juvenile Justice for an indeterminate period. (Presentence Report, ¶ 26.)

(2) On January 18, 2001, petitioner was arrested for Grand Theft of a Motor Vehicle, Possession of Marijuana Under 20 Grams, and Possession of Drug Paraphernalia for offenses occurring on December 7, 2000. Petitioner was adjudicated delinquent as to Grand Theft of a Motor Vehicle on December 27, 2001, and committed to the Department of Juvenile Justice for an indeterminate period. A *nolle prosequi* was entered as to the marijuana charge and no petition was filed on the paraphernalia charge. (Presentence Report, ¶ 27.)

(3) On June 1, 2001, petitioner was arrested for Trespass in Structure/Convey Inhabited, Battery (1st degree misdemeanor), and Resisting Arrest Without Violence for offenses occurring on June 1, 2001. Petitioner was adjudicated delinquent as to Battery on December 27, 2001, and committed to the Department of Juvenile Justice for an indeterminate period. A *nolle prosequi* was entered as to the trespass charge and no petition was filed on the resisting charge. (Presentence Report, ¶ 28.)

(4) On August 29, 2001, petitioner was arrested for Carrying a Concealed Firearm (3rd degree felony) and Loitering or Prowling for offenses which took place on that date. Petitioner was adjudicated delinquent on December 27, 2001 as to Carrying a Concealed Firearm and committed to the Department of Juvenile Justice for an Indeterminate period. A *nolle prosequi* was entered on the loitering charge. (Presentence Report, ¶ 29.)

(5) On October 1, 2001, petitioner was arrested for Robbery by Sudden Snatching with Weapon (2d degree felony) for an offense committed on August 28, 2001.  Petitioner was adjudicated delinquent on June 18, 2002, and committed to the Department of Juvenile Justice for an indeterminate period. (Presentence Report, ¶ 30.)

(6) On January 25, 2002, petitioner was arrested for Trespass of a Conveyance (1st degree misdemeanor), Felony Fleeing/Eluding (3rd degree felony) and Resisting Officer Without Violence (1st degree misdemeanor.)  Petitioner was adjudicated delinquent on all charges on June 18, 2002, and committed to the Department of Juvenile Justice for an indeterminate period. (Presentence Report, ¶ 31.)

(7) On November 2, 2002, petitioner was arrested for Battery on Detention Staff/Community Facility Staff (3rd degree felony) for an offense which took place on that date.  Petitioner was adjudicated delinquent on May 2, 2003 and committed to the Department of Juvenile Justice for an indeterminate period. (Presentence Report, ¶ 32.)

(8) On December 12, 2003, petitioner was arrested for Fleeing/Attempting to Elude Officer, Possession of Cocaine, Illegal Possession of Alcohol by Minor, and Resisting Arrest Without Violence for offenses committed on that date.  Petitioner was adjudicated delinquent on March 3, 2004, on the fleeing charge and committed to the Department of Juvenile Justice for an

indeterminate period.  No petition was filed on the second and third charge, and a *nolle prosequi* was entered on the resisting charge.  (Presentence Report, ¶ 33.)

The Presentence Report assessed two criminal history points for each of these eight juvenile adjudications pursuant to U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(b) and § 4A1.2(d)(2)(A)(2005). Section 4A1.1(b) provides that two points are added for each prior sentence of imprisonment of at least sixty days not otherwise counted.  U.S. SENTENCING GUIDELINES MANUAL § 4A1.1(b) (2005).  Section 4A1.2(d)(2) provides that for offenses committed prior to age eighteen, two points are added under § 4A1.1(b) "for each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense; . . ."  U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(d)(2)(A) (2005).  A conviction is counted if defendant is committed indefinitely to the juvenile authorities as long as he actually serves at least sixty days. United States v. Fuentes, 991 F.2d 700, 702 (11th Cir. 1993).

### C.

Petitioner argues that his attorney provided ineffective assistance by failing to object to scoring the juvenile matters where there were no adjudications; by failing to object because even if there were adjudications they were not convictions under Florida law; and in failing to object to the involuntary nature of

-8-

his juvenile guilty pleas. As previously noted, an attorney is not required to raise a non-meritorious issue in order to avoid being constitutionally ineffective. Therefore, the Court first looks to the merits of petitioner's arguments.

**(1) Adjudications:**

Petitioner argues that he was not adjudicated delinquent but was diverted from the state juvenile system, and therefore asserts that § 4A1.2(f) applies. Section 4A1.2(f) states:

> Diversion from the judicial process without a finding of guilt (e.g., deferred prosecution) is not counted. A diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered, except that diversion from juvenile court is not counted.

U.S. SENTENCING GUIDELINES MANUAL § 4A1.2(f)(2005). The insurmountable problem with petitioner's argument is that he did not receive diversionary dispositions, but was adjudicated delinquent on each of his juvenile matters. In addition to the Presentence Report, the documents petitioner attached to his Memorandum confirm this, since each indicates that the disposition was that petitioner was adjudicated delinquent. (Cv. Doc. ## 2-2, 2-3, 2-4, 2-5, 2-6, 2-7, 2-8, 2-9.)

**(2) Florida Definition of Juvenile Conviction:**

Petitioner argues that even if adjudications were made, these were not "convictions" under FLA. STAT. § 985.228(6), which provides:

>. . . an adjudication of delinquency by a court with respect to any child who has committed a delinquent act or violation of law shall not be deemed a conviction; nor shall the child be deemed to have been found guilty or to be a criminal by reason of that adjudication; nor shall that adjudication operate to impose upon the child any of the civil disabilities ordinarily imposed by or resulting from conviction to disqualify or prejudice the child in any civil service application or appointment, with the exception of use of records of proceedings under this part as provided in s. 985.045(4).

FLA. STAT. § 985.228, renumbered as FLA. STAT. § 985.35, effective January 1, 2007. Under this provision, a juvenile is not considered "convicted" by an adjudication of delinquency. State v. N.P., 913 So. 2d 1, 2 (Fla. 2d DCA 2005).

As a general rule, a conviction is determined by federal law and not state law. United States v. Maupin, 520 F.3d 1304, 1306-07 (11th Cir. 2008). Here, a conviction is specifically defined in § 4A1.2, and therefore is a matter of federal law for this sentencing issue. Under federal law, each of petitioner's adjudications of delinquency was a conviction.

**(3) Involuntary and Defective Juvenile Court Guilty Pleas:**

Petitioner argues for the first time in his Reply that his guilty pleas in state juvenile court were not made voluntarily, knowingly or intelligently because his attorney informed him that the pleas would be sealed because of his juvenile status, and that the state juvenile court guilty plea colloquy failed to advise him that he would be subject to deportation, in violation of the Florida guilty plea colloquy requirements.

Petitioner's attorney was not constitutionally ineffective in failing to raise this claim. It is well established that except when a conviction was obtained in violation of a defendant's right to counsel, collateral attacks on prior convictions are not allowed in federal sentencing proceedings. Custis v. United States, 511 U.S. 485, 486-89 (1994); United States v. Phillips, 120 F.3d 227, 231 (11th Cir. 1997); United States v. Roman, 989 F.2d 1117 (11th Cir. 1993), cert. denied, 511 U.S. 1129 (1994)(Table). Petitioner concedes, and the record establishes, that he was represented by counsel during all of the juvenile proceedings. Therefore, counsel could not have challenged these state court adjudications in the federal sentencing proceeding.

None of the issues raised by petitioner are meritorious, therefore counsel was not constitutionally ineffective in failing to raise these issues.

### III.

Petitioner also argues that he should be resentenced in light of Amendment 706 which reduced the base offense level for crack cocaine offenses by two levels. (Cv. Doc. #2, pp. 9-10.) After filing his § 2255 motion, petitioner file a motion for reduction of sentence pursuant to 18 U.S.C. §3582(c). (Cr. Doc. #153.) The Court entered an Opinion and Order (Cr. Doc. #154) on July 15, 2008, granting this motion. An Amended Judgment (Cr. Doc. #155) was filed on July 18, 2008, reducing defendant's sentence of

imprisonment to 126 months. Since petitioner is entitled to no greater reduction under his § 2255 motion than under the § 3583(c) motion, this portion of the § 2255 motion will be denied.

**IV.**

Petitioner argues that in light of United States v. Booker, 543 U.S. 220 (2005), the sentencing court erred in sentencing him under the mandatory 100:1 Sentencing Guidelines ratio for crack cocaine/powder cocaine, that such a ratio violates the separation of powers principle, and that his attorney was constitutionally ineffective for failing to object and to appeal the sentencing error. (Cv. Doc. #2, p. 11.) Nothing in Booker addressed the crack cocaine/powder cocaine ratio, and the U.S. Supreme Court has never found the ratio to be unconstitutional. In Kimbrough v. United States, 128 S. Ct. 558 (2007), the Court held that a district judge may consider the disparity between the base offense levels for crack and powder cocaine, but Kimbrough does not require the sentencing judge to grant a downward variance based on that disparity. Therefore, these arguments are not meritorious.

**V.**

In a Supplemental Motion (Cr. Doc. #11) filed on July 23, 2008, petitioner argues for the first time that his attorney was constitutionally ineffective for not adhering to his promise that if petitioner pled guilty he would receive a sentence of no more than 60 months imprisonment. Since this was the only reason

petitioner pled guilty, and he was sentenced to 146 months imprisonment, petitioner asserts that his guilty plea was involuntary. Petitioner also asserts that his guilty plea was involuntary, unintelligent and unknowing because if he had known he would receive a 146 month sentence he would never have pled guilty. Additionally, petitioner argues that the guilty plea was involuntary because he was never told he was a career offender and would be enhanced to a career offender category. (Cv. Doc. #11, pp. 1-3.)

These claims are barred because they were filed beyond the one year statute of limitations. 28 U.S.C. § 2255(f). Petitioner's conviction became final on December 27, 2006, ninety days after his conviction and sentence were affirmed by the Eleventh Circuit, and no petition for *certiorari* was filed. Clay v. United States, 537 U.S. 522, 527 (2003). The Supplemental Motion was filed on July 23, 2008; giving petitioner credit under the mailbox rule, Day v. Hall, 528 F.3d 1315, 1318 (11th Cir. 2008), the Supplemental Motion is deemed filed as of July 21, 2008. None of the issues raised in the Supplemental Motion relate back to either the original Motion or the Reply because it raises new grounds for relief supported by facts that differ in both time and type from those in the original motion and reply. Mayle v. Felix, 545 U.S. 644 (2005). Accordingly, the issues raised in the Supplemental Motion are untimely and will be dismissed.

-13-

**VI.**

Petitioner also argues for the first time in the Supplemental Motion that the dockets of all eight of his juvenile matters were merged as concurrent and therefore he should not have been enhanced under Cunningham v. California, 549 U.S. 270 (2007); Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 296 (2004); and Booker. Petitioner argues that all of the juvenile matters should have been counted as one enhancement, and not separated and assessed separate criminal history points. Petitioner also argues that under Booker, Cunningham, and Shepard v. United States, 544 U.S. 13 (2005), he could not receive two points for committing the instant offense within two years following his release from a juvenile facility because his current probation status does not come within the prior conviction exception to Booker. Petitioner also argues that his attorney was constitutionally ineffective in failing to object to these errors. (Cv. Doc. #11, pp. 3-5.)

For the same reasons discussed above, these issues do not relate back to the original Motion or Reply, were raised more than one year after his federal conviction became final, and are therefore time barred.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.  Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DENIED** as to all claims for the reasons set forth above.

2.  Petitioner's Supplemental Motion (Cv. Doc. #11) is **DISMISSED** as time barred.

3.  The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk shall place of copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of November, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Joel Gouin