UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                  2:05-cr-59-FtM-29DNF

JOEL GOUIN
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Emergency Motion for Post Conviction Relief Fla. R. Crim. P., 3.850; Habeas Corpus; Writ of Error Coram Nobis; All Writs Act (Doc. #169) and Affidavit for Support (Doc. #170) filed on January 28, 2013. Defendant seeks to vacate his conviction based upon Padilla v. Kentucky, 130 S. Ct. 1473 (2010) because the United States immigration officials have now begun removal proceedings against him. For the reasons set forth below, the Court finds that it has no jurisdiction to consider defendant's request, or alternatively, that his claim of ineffective assistance of counsel is without merit.

**I.**

On June 8, 2005, defendant Joel Gouin (defendant or Gouin) was indicted on one count of conspiracy to possess with intent to distribute fifty (50) grams or more of cocaine base, crack cocaine. (Doc. #11.) On September 27, 2005, an amended Information (Doc. #38) was filed charging that defendant did possess with intent to

distribute five (5) grams or more of cocaine base, crack cocaine. Defendant waived indictment (Doc. #41), and pled guilty to the Information pursuant to a Plea Agreement. (Docs. ## 42, 43, 44, 45.) During the change of plea colloquy, the magistrate judge asked defendant if he was a United States citizen. (Doc. #106, p. 5.) Defendant replied "No," but could not say exactly where he was born, did not know if he was a naturalized citizen, stated he came to the United States by "flight" when he was "pretty young," and did not know anything about whether he or his mother ever applied for citizenship. (Id., pp. 5-6.) Defendant stated he did not know if he was a resident alien, a citizen, "or what." (Id.) In advising defendant of the maximum penalties, the magistrate judge stated: "I don't know about the issue of deportation. If you're not a United States citizen, you may be subject to deportation back to the country to which you are a citizen." (Id., p. 16.) Defendant stated he understood the possible penalties. (Id.)

On January 9, 2006, defendant was sentenced to 146 months imprisonment followed by 4 years on supervised release. (Doc. #53.) The Court inquired of defendant's immigration status, the government responded it did not know, and defense counsel responded he could not say without violating the attorney-client privilege. (Doc. #104, pp. 17-18.) The Court then imposed a special condition of supervised release requiring defendant to be delivered to the immigration authorities upon his release from imprisonment and to

remain outside the United States if ordered removed by immigration authorities. (Doc. #104, p. 18). The special condition of defendant's supervised released was also set forth in the Judgment:

> Pursuant to 18 U.S.C. 3583(d), the defendant is to be delivered, upon release from imprisonment, to a duly authorized immigration official to determine if removal is appropriate. Should removal be ordered, the defendant is to remain outside the United States, unless authorized by the Secretary for the Department of Homeland Security or the appropriate immigration authority.

(Doc. #53, p. 5, ¶ 3.)

Defendant filed a direct appeal (Doc. #60), and a new attorney was appointed for the appeal. (Docs. ## 74, 76, 82.) On September 27, 2006, the Eleventh Circuit Court of Appeals affirmed defendant's conviction and sentence. (Doc. #148; United States v. Gouin, 205 F. App'x 743 (11th Cir. 2006).)

On November 1, 2007, defendant filed a Motion Under 28 U.S.C. § 2255 (Doc. #151) asserting that he was denied his right to effective assistance of counsel at the sentencing proceeding, that the sentence was erroneously imposed, and that a recently promulgated amendment to the Sentencing Guidelines was applicable to him. Defendant's § 2255 motion was denied by the district court on November 5, 2008 (Doc. #156), and both the district court and the Eleventh Circuit Court of Appeals denied a certificate of appealability. See Case No. 2:07-cv-00713-FTM-29DNF, Docs. ## 12, 18, 19. In 2008 and 2011, defendant was granted sentence

reductions by the district court because of amendments to the Sentencing Guidelines. (Docs. #154, 166.)

On January 22, 2013, defendant signed his current Emergency Motion. (Doc. #169.) Defendant asserts that on December 26, 2012, he was served with a Notice to Appear by Immigration and Customs Enforcement (ICE) seeking to remove him from the United States to Haiti. The motion asserts that his conviction in this case was obtained in violation of his Sixth Amendment right to the effective assistance of counsel because his attorney failed to comply with the requirements of Padilla in connection with the immigration consequences of his guilty plea.

## II.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990). The Court has no inherent power to correct even an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002).

**A. Jurisdiction**

Defendant relies upon the State of Florida Constitution, Florida statutes, and Florida rules of procedure and case law for

both jurisdiction and substantive matters. None of the State of Florida authority is controlling in federal court, and none provide jurisdiction for this Court to consider defendant's motion. As noted, the Court looks to federal law for both jurisdiction and substance. Diaz-Clark, 292 F.3d at 1315.

Ordinarily, collateral challenges to the validity of a federal conviction and sentence must be brought under 28 U.S.C. § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). When a defendant previously has filed a § 2255 motion to vacate, he must obtain prior authorization from a court of appeals to file a second or successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks the jurisdiction to hear a second or successive § 2255 motion absent authorization from a Court of Appeals, and must dismiss it. Williams v. Chatman, 510 F.3d 1290, 1294-95 (11th Cir. 2007). Gouin has filed a previous § 2255 motion, and has not received authorization from a court of appeals to file a second or successive motion. Therefore, this Court lacks jurisdiction under § 2255.[1]

---

[1] Even if there was jurisdiction under § 2255, the petition is untimely because defendant's petition was filed more than one year after Padilla was decided (March 31, 2010). 28 U.S.C. § 2255(f)(3); Dodd v. United States, 365 F.3d 1273, 1281 (11th Cir. 2004)(limitations period in § 2255(f)(3) begins to run on the date the Supreme Court recognizes a new right and closes one year later). Since defendant knew about the removal condition of supervised release from the date it was imposed, the time period cannot be equitably tolled.

Under the savings clause of § 2255(e), a defendant may file a § 2241 petition if he establishes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999) (citation omitted). But the restrictions on successive § 2255 motions, standing alone, do not render that section inadequate or ineffective. Id. at 1245. Here, § 2255 did provide an adequate and effective remedy, and a § 2241 habeas petition may not be used to avoid the restrictions on second or successive § 2255 motions when a defendant failed to raise the claim at an earlier stage. Wofford, 177 F.3d at 1245. Therefore, the Court lacks jurisdiction under § 2241.

Federal courts have authority to issue a writ of coram nobis under the All Writs Act, 28 U.S.C. § 1651. United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). Whether to grant a writ of coram nobis is committed to the sound discretion of the district court. Alikhani v. United States, 200 F.3d 732, 734 (11th Cir. 2000). The authority to grant a writ of coram nobis is, however, extremely limited. A writ of coram nobis "is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." Mills, 221 F.3d at 1203; United States v. Mosavi, 138 F.3d 1365, 1366 n.1 (11th Cir. 1998); United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997); Lowery v. United States, 956 F.2d 227, 228 (11th Cir. 1992). The

standard for coram nobis relief is high, with the court's jurisdiction being limited to review of errors of fact of the most fundamental character when no other remedy is available or adequate. United States v. Addonizio, 442 U.S. 178, 186 (1979); Mills, 221 F.3d at 1203-04; Lowery, 956 F.2d at 228-29. To be entitled to a writ of coram nobis, petitioner must show: (1) he was not in custody at the time he filed the petition, United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002); United States v. Garcia, 181 F.3d 1274, 1274-75 (11th Cir. 1999); United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997); (2) there is and was no other available and adequate avenue of relief, Alikhani, 200 F.3d at 734; Mills, 221 F.3d at 1204; (3) the error alleged "[i]nvolves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid," Alikhani, 200 F.3d at 734 (citing Moody v. United States, 874 F.2d 1575, 1576-77 (11th Cir. 1989)); and (4) there are sound reasons for failing to seek relief earlier. Mills, 221 F.3d at 1204.

The issue of the ineffective assistance of counsel is not cognizable under coram nobis in this case because petitioner fails to establish that there was no other available and adequate avenue of relief available to him to raise that issue. Defendant could have raised the issue of the special condition of supervised release on direct appeal, and could have raised this aspect of

ineffective assistance of counsel in his proceeding under 28 U.S.C. § 2255, but failed to do so. Jackson v. United States, 375 F. App'x 958, 960 (11th Cir. 2010)(because defendant could have raised claims alleging ineffective assistance of counsel under 28 U.S.C. § 2255, defendant was not entitled to writ of coram nobis); United States v. Bejacmar, 217 F. App'x 919, 921-22 (11th Cir. 2007). Therefore, the Court has no jurisdiction under the All Writs Act to issue a writ of coram nobis. Additionally, there is no other procedural device which would vest this Court with jurisdiction to review defendant's motion.

**B.  Alternative Merits Determination**

Alternatively, the Court finds that defendant's claim of ineffective assistance of counsel lacks merit. A defendant establishes an ineffective assistance of counsel claim when he shows that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced him. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice requires the defendant to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The Court defined "reasonable probability" as a "probability sufficient to undermine confidence in the outcome." Id.

Defendant relies upon Padilla v. Kentucky, 130 S. Ct. 1473 (2010), which defined the scope of a criminal defense attorney's

duty to advise his or her non-citizen client about the immigration consequences of a guilty plea:

> When the law is not succinct and straightforward [ ], a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, the duty to give correct advice is equally clear.

Id. at 1483 (footnote omitted). It is clear that at the time of Gouin's guilty plea, counsel was under no constitutional obligation to advise a client of the possible deportation consequences of pleading guilty. United States v. Campbell, 778 F.2d 764, 768-69 (11th Cir. 1985).

Even if Padilla is retroactive, defendant's claim of ineffective assistance lacks merit because he has not established either deficient performance or prejudice. There is no indication counsel's performance was deficient when viewed in light of the professional standards in place in 2005. United States v. Hassun, No. 11-14800, 2013 WL 135489 (11th Cir. Jan. 11, 2013). Indeed, the record reflects that counsel had spoken to defendant about the possibility of removal, and the magistrate judge specifically told him about removal. Additionally, there is no prejudice because defendant has to show that a decision to reject the plea bargain "would have been rational under the circumstances," a showing Gouin has not provided. Hassun, 2013 WL 135489, at *1; Padilla, 130 S. Ct. at 1485.

Accordingly, it is now

**ORDERED**:

Defendant's Emergency Motion for Post Conviction Relief Fla. R. Crim. P., 3.850; Habeas Corpus; Writ of Error Coram Nobis; All Writs Act (Doc. #169) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __8th__ day of February, 2013.

                                             _____
                                             JOHN E. STEELE
                                             United States District Judge

Copies:
Counsel of Record
Joel Gouin

-10-